UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Antoine McMillan, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 1622 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | |
| Officer Stoll, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT STOLL'S MOTION TO BAR PLAINTIFF'S ILLEGAL SEARCH AND SEIZURE CLAIM, OR IN THE ALTERNATIVE, GRANT JUDGMENT AS A MATTER OF LAW ON THAT CLAIM**

Defendant Chicago Police Officer Kevin Stoll ("Defendant"), by his undersigned attorney, respectfully requests that this Honorable Court bar Plaintiff from submitting his unlawful search/seizure claim to the jury, or, in the alternative, grant him judgment as a matter of law on the claim[1].

**Legal Standard**

The Federal Rules of Civil Procedure provide for a district court to decide issues during a jury trial and grant judgment as a matter of law. Under Rule 50 of the Federal Rules of Civil Procedure, "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: resolve the issue against the party…" Fed. R. Civ. P. 50(A). The Seventh Circuit has held the standard to be as follows:

> Rule 50(a) of the Federal Rules of Civil Procedure allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." The stringent standard for a judgment as a

---

[1] Defendant Stoll will also be making an oral Rule 50 motion as to the excessive force claim.

matter of law under Federal Rule of Civil Procedure 50 is the same whether the verdict under review was for the plaintiff or the defendant, and regardless of the underlying legal issues of the case. Under Rule 50, both the district court and an appellate court must construe the facts strictly in favor of the party that prevailed at trial. See *Tart v. Illinois Power Co.,* 366 F.3d 461, 464 (7th Cir.2004), citing *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)**.**

*Schandelmeier v. Bartels v. Chicago Park Dist.,* 634 F.3d 372, 376 (7th Cir. 2011).

1. **Plaintiff Never Pled An Illegal Search and Seizure Claim.**

Prior to trial, Defendants filed a motion *in limine* seeking to bar Plaintiff's illegal search and seizure claim because it was never pled. (See Dkt. No. 90, Nov. 30, 2011, Motion *In Limine* No. 5). Plaintiff's pro-se complaint was the operative pleading in this case. (See Dkt. No. 6, Apr. 6, 2009). Even after being appointed, Plaintiff's counsel never amended the complaint, and never attempted to add this claim. That claim is time-barred, and Plaintiff should not be permitted to amend his pleading at this stage of litigation. *See* Fed. R. Civ. P. 15(a)(2). Defendant Stoll would be prejudiced if this claim is submitted to the jury because he was never given the opportunity to develop evidence such as whether Plaintiff had any expectation of privacy, ownership, or residency interest in the premises. Therefore, this Court should not allow the illegal search and seizure claim to be presented to the jury.

2. **Plaintiff Is Collaterally Estopped From Asserting An Illegal Search and Seizure Claim.**

On August 27, 2008, Plaintiff brought a motion to quash his arrest and to suppress evidence. (See Motion To Suppress Transcript of Aug. 27, 2008, Judge Marjorie Laws, attached hereto as Exhibit A). Judge Laws specifically stated the issues she was determining at that motion, which included the legality of the alleged seizure of McMillan in his home. (See Ex. A at 26-28). Judge Laws determined at that motion that McMillan voluntarily stepped outside of

his apartment, and was placed under arrest. *Id.* Plaintiff, who was the criminal defendant at the time, never challenged this finding, nor did he present any evidence to rebut that finding at the motion hearing. *Id.* at 27. Judge Laws thereby denied Plaintiff's motion to suppress. *Id.* at 28. After that motion to suppress, Plaintiff pled guilty to the robbery for which he was charged. (See Certified Statement of Conviction, attached hereto as Exhibit B). Plaintiff never appealed his plea of guilty.

Collateral estoppel can be invoked against a §1983 claimant to bar relitigation of his Fourth Amendment search and seizure claim decided against him in a criminal suppression hearing. *Allen v. McCurry,* 449 U.S. 90, 104-05, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980). "[T]he application of the collateral estoppel doctrine to § 1983 claims turns on whether the "traditional" four collateral estoppel requirements have been met: i.e., the issue sought to be precluded must be the same as that involved in the prior judicial proceeding; the issue was litigated in the prior action; the issue was in fact actually determined in the prior proceeding; and the determination of that issue was necessary to support the judgment in the prior proceeding." *Guenther v. Homgreen,* 738 F.2d 879, 883-84 (7th Cir. 1984). The ruling has preclusive effect when there is a final judgment on the merits, such as a judgment of conviction. *Best v. City of Portland,* 554 F.3d 698, 701 (7th Cir. 2009).

In this case, Plaintiff attacked the search and seizure when he brought a motion to quash the arrest and suppress evidence in August 2008. That motion was denied, and Judge Laws specifically ruled on the issue of McMillan's seizure. McMillan thereafter pled guilty and never appealed. Therefore, he is collaterally estopped from bringing this issue in front of the jury.

    **3.**    **The Evidence, As It Came In, Entitles Detective Stoll To Judgment As A Matter of Law.**

The evidence, as it came in in a light most favorable to Plaintiff is as follows: (1) On April 6, 2008, Defendant Stoll had reason to believe that McMillan was an active participant in a robbery that occurred on March 18, 2008; (2) Detective Stoll has received information from McMillan's co-offender that he might be armed; (3) Detective Stoll found information that McMillan might be located at 7247 S. Union; (4) Detective Stoll entered the apartment building from the outside; (5) When Detective Stoll went upstairs, the McMillan apartment door was open; (6) Detective Stoll asked for Kevin McMillan and Antoine McMillan made himself visible; (7) Detective Stoll entered the McMillan residence in the dining room; (8) Detective Stoll put McMillan in handcuffs and exited the apartment; (8) no search was conducted on the premises.

A warrantless entry into a private home constitutes a search and is presumptively unreasonable under the Fourth Amendment. *Payton v. New York,* 445 U.S. 573, 585-86 (1980). However, a warrantless search is permissible "when police have a reasonable belief that exigent circumstances require immediate action and there is no time to secure a warrant." *United States v. Lenoir,* 318 F.3d 725, 730 (7th Cir. 2003). Exigent circumstances exist "when the police reasonably fear for the safety of someone inside the premises." *United States v. Jenkins,* 329 F.3d 579, 581 (7th Cir. 2003).

Further, when a person knowingly exposes him or herself to the public, even in his own home or office, he or she is not entitled to Fourth Amendment protection. *Katz v. United States,* 389 U.S. 347, 351 (1967); *see United States v. Santana,* 427 U.S. 38 (1976)(Santana, who exposed herself to the police, was properly arrested upon probable cause); *see also United States v. Sewell,* 942 F.2d 1209 (7th Cir. 1991)("A person has no expectation of privacy when he knowingly exposes himself to the public, even in his own house or office…").

In this case, as the evidence came in, Detective Stoll is entitled to judgment as a matter of law for two independent reasons. First, Detective Stoll was armed with exigent circumstances to make a warrantless entry. Detective Stoll testified that he had reason to believe that McMillan was an offender in a strong-arm robbery, a serious felony. Detective Stoll testified that the co-offender, Timothy McClinton gave him reason to believe that McMillan was armed. Once Stoll verified that McMillan was in the home, a reasonable officer would fear for his own safety and the safety of others in the home. Therefore, entry (which is disputed) was proper.

Second, Plaintiff exposed himself to Detective Stoll and had no expectation of privacy. Stoll testified that he saw McMillan through the doorway. There was no testimony to rebut that. McMillan testified that Stoll came through the door, directly towards him. McMillan testified that Stoll immediately handcuffed him and left. Therefore, under *Katz* and *Sewell* McMillan is not protected by the Fourth Amendment.

**WHEREFORE**, Defendant Stoll respectfully requests that this Honorable Court enter an order barring Plaintiff's search and seizure claim from going to the jury, or in the alternative, granting him judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure.

    Respectfully submitted,

    /s/ Jonathan M. Boulahanis
    Andrew M. Hale & Associates
    53 W. Jackson Blvd., Suite 1800
    Chicago, IL 60604
    (312) 341-9646
    Atty. No. 6299147

**CERTIFICATE OF SERVICE**

    I, Jonathan Boulahanis, an attorney, hereby certify that on March 5, 2012, I caused DEFENDANT STOLL'S MOTION TO BAR PLAINTIFF'S ILLEGAL SEARCH AND SEIZURE CLAIM, OR IN THE ALTERNATIVE, GRANT JUDGMENT AS A MATTER OF LAW ON THAT CLAIM**,** to be served upon all counsel of record by filing the same before the Court via the ECF system.

                                               /s/ Jonathan M. Boulahanis